# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

SUSAN CRUTCHFIELD,

    Plaintiff;

vs.

Case No.: _____

THE PAUL REVERE LIFE
INSURANCE COMPANY and
UNUM LIFE INSURANCE
COMPANY OF AMERICA,

    Defendants.

## COMPLAINT

COMES NOW Plaintiff, Susan Crutchfield (hereinafter "**Plaintiff**" or "**Ms. Crutchfield**"), by and through her attorneys, and for her Complaint against Defendants, The Paul Revere Life Insurance Company (hereinafter "**Defendant**" or "**Revere**") and Unum Life Insurance Company of America (hereinafter "**Defendant**" or "**Unum**"), states as follows:

1. Jurisdiction of this case is based on the Employee Retirement Income Security Act of 1974, as amended ("ERISA"); and in particular, without limitation, 29 U.S.C. §§ 1132(e)(1) and 1132(f). Among other things, those provisions give District Courts the right to hear civil actions brought to recover benefits and clarify rights under the terms of employee welfare benefit plans (see 29 U.S.C. § 1002(1)); here, this consists of a long-term disability ["LTD"] insurance policy (**Policy No.: 0102638723**) (hereinafter the "**Policy**"); which was underwritten, administered and/or managed by Revere, and later by Unum.[1] In addition, this action may be brought in this Court pursuant to 28 U.S.C. § 1331, which gives District Courts jurisdiction over actions that arise

---

[1] Unum is being sued as the successor-in-interest to Revere.

under the laws of the United States ("federal question jurisdiction").

2. The ERISA statute provides, at 29 U.S.C. § 1133, a mechanism for administrative or internal appeal of benefit denials. These avenues of appeal, *i.e.*, administrative remedies, have now been exhausted by or on behalf of Plaintiff. *See*, **Unum Claim No.: 01-02638723-002**.

3. Venue is proper in the Middle District of Tennessee, pursuant to 29 U.S.C. § 1132(e)(2) and/or 28 U.S.C. § 1391.

4. Ms. Crutchfield lives in Smyrna, Tennessee, and a substantial part of the events, transactions, and occurrences material to her claim for disability took place with the Middle District of Tennessee.

5. Plaintiff is currently 64 years old, and her date of birth is in October, 1956.

6. Plaintiff worked for many years in the healthcare field. When she last worked, Plaintiff worked for Specialty Care as an executive vice president, earning annual wages of approximately $235,000.00.

7. However, due to her established disability, she last worked at Specialty Care on or about March 7, 2014.

8. Plaintiff was forced to stop working in March, 2014 due to certain medical conditions that had become disabling, including without limitation: superior semicircular canal dehiscence (SSCD); vertigo; hearing loss in left ear; gait disturbances; and brain fog impacting her cognitive decision-making.

9. After she could no longer perform her vocation, Ms. Crutchfield applied for LTD benefits through Revere/Unum. LTD benefits were awarded effective on or about March 7, 2014. Those benefits continue through the present.

2

10. The Policy provides that "Total Disability means that because of **Injury** or **Sickness**: You are unable to perform the important duties of Your Occupation; and You are receiving Physician's Care."

11. The terms "**Injury**" and "**Sickness**" are defined by the Policy as follows:

"**Injury**" means accidental bodily injury sustained after the Date of Issue and while Your Policy is in force. "**Sickness**" means sickness or disease which first manifests itself after the Date of Issue and while Your Policy is in force….

12. Importantly, if Plaintiff's disability is properly attributed to **Injury**, LTD benefits will be paid for her lifetime so long as she remains disabled. On the other hand, if her disability is properly attributed to **Sickness**, LTD benefits will end later this year; *i.e.*, at her 65th birthday (due to occur in October, 2021).

13. At all times relevant hereto, *i.e.,* at all times for which relief is sought, Plaintiff was (is) "Disabled" or suffering from "Disability" as those terms are defined under the Policy; such that certain Policy benefits are due to be paid.

14. Defendant Revere, then Defendant Unum, exercise(d) decision-making authority for the LTD benefits at issue; as such, they are fiduciaries; *see*, 29 U.S.C. § 1002(21)(A).

15. Further, it is apparent on the face of the record that Defendants Revere/Unum are (were) both ultimate decision-maker (claims administrator, claims-review fiduciary, claims fiduciary) and payer/funding source of any benefits; thus, it is alleged that Defendants have a financial conflict of interest/bias that may impact the standard of review used by the Court.

16. As per its letter of January 11, 2021, Unum has taken the position that Ms. Crutchfield's benefits should be evaluated and paid under the Policy definition of **Sickness** and are thus set to end in October, 2021 (at age 65).

17. Despite due appeal(s) by or on behalf of Plaintiff, Unum has continued to uphold

3

that decision. The final denial letter was dated May 19, 2021.

18. Any and all applicable insurance-policy premiums required for LTD coverage under the Policy have been fully paid or otherwise satisfied.

19. Plaintiff has filed or caused to be filed any/all notice(s) and/or proof(s) of claim or loss that were condition(s) precedent to recovering benefits under the Policy for the losses claimed herein.

20. Under any ERISA standard of review that may apply,[2] the present position taken by Defendants on this claim (denying benefits past age 65), viewed against the entire Administrative Record as properly constituted, cannot withstand judicial scrutiny. The review, analysis, and decision by Defendants were wrong, as well as arbitrary and capricious, under the circumstances presented.

21. Further, Defendants' decision on benefits past age 65 must be reversed to the extent that Plaintiff was not afforded a reasonable opportunity for a full and fair review. *See*, 29 U.S.C. § 1133(2); 29 C.F.R. § 2560.503-1.

## CAUSES OF ACTION

### COUNT I – ERISA/Statutory Claims

22. Plaintiff realleges and reavers paragraphs 1 through 21 of the Complaint, incorporating them by reference herein as if specifically restated.

23. Based on the facts summarized above, Plaintiff makes claim under ERISA for the award of all LTD and related benefits properly due under the Policy at issue; specifically, Plaintiff makes claim for the award of LTD benefits under the **Injury** definition of disability set forth in

---

[2] Plaintiff respectfully reserves all points and arguments regarding what will be the proper standard of review herein, pursuant to *Firestone v. Bruch*, 489 U.S. 101 (1989), and its progeny.

4

the Policy. That is, this is an action by an ERISA plan participant seeking such clarification/declaration of benefits, brought pursuant to 29 U.S.C. §§ 1001, *et seq*., in particular 29 U.S.C. § 1132(a).

**PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff prays for the following relief:

A. That the Court enter judgment in Plaintiff's favor and against the Defendants; declaring, determining, clarifying and ordering under ERISA (via 28 U.S.C. §§ 2201, 2202 and Fed. R. Civ. P. 57, via injunction pursuant to Fed. R. Civ. P. 65, via specific performance, or otherwise) that Defendants or its designee pay to Plaintiff all LTD benefits to which she is entitled; or, alternatively, a dollar amount equal to the contractual amount of benefits to which Plaintiff is entitled; or, alternatively, assess concomitant surcharge(s) under principles of equity;[3] each together with interest (if appropriate); and all as recoverable pursuant to the contractual terms of the Policy at issue, under ERISA law, and subject to the proof;

B. That the Court enter judgment in Plaintiff's favor and against the Defendants; declaring, determining, clarifying and ordering under ERISA (via 28 U.S.C. §§ 2201, 2202 and Fed. R. Civ. P. 57, via injunction pursuant to Fed. R. Civ. P. 65, via specific performance, or otherwise) that Defendants pay to Plaintiff all LTD benefits to which she will be entitled in the future pursuant to the contractual terms of the Policy at issue; subject to the proof and policy application procedures, as required; and so long as she otherwise continues to meet all applicable terms and conditions of the Policy; this specifically includes benefits past age 65 under the Policy's **Injury** definition of disability;

---

[3] *See, CIGNA Corp. v. Amara*, 563 U.S. 421, 440-445 (2011).

C. That the Court award to Plaintiff her attorney's fees and costs of action pursuant to ERISA. *See*, 29 U.S.C. § 1132(g);

D. That the Plaintiff recover or receive any and all other, different or additional damages, expenses, costs and relief (legal, equitable, declaratory or remedial) to which she may be entitled by virtue of the facts and cause(s) of action alleged above, consistent with the ERISA statute and regulations, the federal common law developed in the context of ERISA, and the interests of equity and justice; including without limitation any applicable or accrued cost-of-living adjustments ("COLAs"); any provision for waiver of, continuation of payment of, or reimbursement of, premiums on health and dental insurance; any provision for waiver of, continuation of payment of, or reimbursement of, premiums on life insurance (life waiver of premium); and any provision for continued payments/contributions to employer-sponsored retirement plan(s) (if and as any/all of those items may be provided under the Policy in force); plus pre-judgment interest[4] and post-judgment interest[5] (if appropriate) on all amounts awarded or to be awarded; and

E. That Plaintiff be awarded such additional or other relief as may be appropriate and just.

Dated this 17th day of June, 2021.

---

[4] *See, Curtis v. Hartford Life & Accident Ins. Co*., 64 F. Supp. 3d 1198, 1224 (N.D. Ill. 2014) (presumption in favor of prejudgment interest is specifically applicable in ERISA cases).

[5] *See*, 28 U.S.C. § 1961.

Respectfully Submitted,

CODY ALLISON & ASSOCIATES, PLLC

/s/ K. Cody Allison
K. Cody Allison, BPR No. 20623
Samuel D. Payne, BPR No. 19211
Lauren W. Travis, BPR No. 32473
Parkway Towers
404 James Robertson Pkwy, Ste. #1623
Nashville, Tennessee 37219
Phone: (615) 234-6000
Fax: (615) 727-0175
cody@codyallison.com
sam@codyallison.com
lauren@codyallison.com